## ESTATE OF W. ELWOOD ROWAN, DECEASED.

APPEAL BY JOSEPHINE E. ROWAN FROM THE ORPHANS' COURT OF PHILADELPHIA COUNTY.

Argued January 29, 1890—Decided February 17, 1890.

Where a decedent has left to survive him no issue, but a widow and an adopted child, adopted under the provisions of § 7, act of May 4, 1855, P. L. 431, the latter, as against such widow, has all the rights of a child in fact in the distribution of the estate: Johnson's App., 88 Pa. 346.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 65 January Term 1890, Sup. Ct.; court below, number and term not given.

The account of John J. Ridgway, executor of the will of W. Elwood Rowan, deceased, having been called for audit before FERGUSON, J., it was found as follows:

The testator died on October 20, 1887, leaving a widow, Josephine E. Rowan, but no issue. He left an adopted daughter, however, Louisa F., adopted under a decree of the Court of Common Pleas No. 3, entered February 15, 1873, under § 7, act of May 4, 1855, P. L. 431. His marriage with the lady who survived as his widow was on March 24, 1886.

By his will, after bequeathing certain legacies and devising to his wife Josephine E., one third of his real estate, to be in lieu of dower or any rights of any kind in his estate, he gave the residue of his estate to a trust company in trust for his

Opinion of the Court.

daughter Louisa F. Rowan, upon certain trusts recited. The fund for distribution was personalty, and the widow having elected to take the share of the estate to which she would have been entitled under the intestate laws, it was claimed upon her behalf that, as the decedent died without issue, she was entitled to one half of the fund.

The auditing judge, considering the intestate act of April 8, 1833, P. L. 316; act of May 4, 1855, P. L. 431; § 11, act of April 11, 1848, P. L. 537; and Johnson's App., 88 Pa. 346, awarded to the claimant one third of the balance for distribution, and to the trust company, in trust for the adopted daughter, Louisa F. Rowan, the two thirds of said balance.

Exceptions to the adjudication, filed by the claimant, were dismissed, and the adjudication confirmed, upon argument before the court in banc, opinion by HANNA, P. J., whereupon the claimant took this appeal, assigning the dismissal of her exceptions and the confirmation of the adjudication as error.

*Mr. Charles H. Sayre*, for the appellant.

Counsel Cited: Ballard v. Ward, 89 Pa. 358; Commonwealth v. Nancrede, 32 Pa. 389; Tharp v. Commonwealth, 58 Pa. 500; Wayne's Est., 18 W. N. 10; Schafer v. Enue, 54 Pa. 304; Daisey's Est., 15 W. N. 403; McCully's Est., 8 W. N. 14; s. c. 10 W. N. 80; Commonwealth v. Powel, 16 W. N. 297.

*Mr. H. La Barre Jayne* and *Mr. Arthur Biddle*, for the appellee, were not heard.

The brief filed cited: Johnson's App., 88 Pa. 346; Ross v. Ross, 122 Mass. 212.

PER CURIAM:

The question here is whether, as between the widow and the adopted child of the decedent, said child has all the rights of an actual child in the distribution of his estate. It was distinctly ruled in Johnson's App., 88 Pa. 346, that a child adopted under the act of 1855 becomes a child and heir of the person adopting such child, so far as he or she can be made such by legislative enactment. In the case in hand, W. Elwood Rowan, the decedent, adopted the appellee before he was married to the appellant. The latter has no reason to complain that

Statement of Facts.

her rights have been interfered with by the act of her husband prior to their marriage. The act of 1855 is explicit that a child adopted under the provisions thereof " shall assume the name of the adopting parent, and have all the rights of a child and heir of such adopting parent." We think, with this explicit language of the act, and our construction of it in Johnson's Appeal, there should be no further doubt upon this question.

> Decree affirmed, and the appeal dismissed, at the cost of the appellant.