COMMONWEALTH v. J. A. FERGUSON, EXR.

| 137 | 595 |
|-----|-----|
| 213 | 90 |

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF BEAVER COUNTY.

Argued October 6, 1890—Decided November 3, 1890.

(*a*) An act " to authorize J. F. to adopt J. A. F. as his heir," provided
that " J. A. F. . . . . is hereby made the heir at law of J. F.," to be
capable of inheriting his estate and property " as fully, to all intents and
purposes, as if he had been begotten by him in lawful wedlock." J.
A. F. was an illegitimate son of J. F. :

1. Said act was an act of adoption, not of legitimation ; and a devise to J. A.
F. by the will of J. F., dying in 1889, is subject to the collateral inher-
itance tax imposed by the act of May 6, 1887, P. L. 79. Whether, if the
act had legitimated the son, the collateral tax would have been payable,
not decided.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS and MITCHELL, JJ.

No. 11 October Term 1890, Sup. Ct. ; court below, No. 36
December Term 1889, C. P.

On September 12, 1889, a case stated was filed between the
commonwealth, as plaintiff, and John Albert Ferguson, execu-
tor of the will of John Ferguson, deceased, as defendant, where-
in it was agreed as follows :

" John Ferguson, late of said county, died February 4, 1889,.
having first made his last will and testament, dated February
2, 1889, after his death duly probated and registered in the·
register's office of said county, in Will Book H, page 349. De-
ceased died possessed of real estate of the value of $30,959, and
personal estate, after deducting debts and costs of administra-
tion, amounting to $43,023.97.

" John Albert Ferguson, the defendant above named, an il-
legitimate son of decedent, was born March 12, 1840. On
February 18, 1871, the following act of assembly was passed,
viz. :

" ' An Act to authorize John Ferguson to adopt John Albert
Ferguson as his heir.

Opinion of Court below.

" ' Whereas John Ferguson, of Independence township, Beaver county, is desirous of adopting John Albert Ferguson as his heir, and the said John Albert Ferguson is over the age of twenty-one years; therefore

" ' SECTION 1, Be it enacted, etc., that John Albert Ferguson, of the township of Independence, in the county of Beaver, be, and he is hereby made, the heir at law of John Ferguson, to be capable of inheriting the estate and property of the said John Ferguson as fully, to all intents and purposes, as if he had been begotten by him in lawful wedlock.' [See P. L. (1872) 1250.]

" The said John Ferguson bequeathed to collateral heirs the sum of $9,000, which is subject to the payment of collateral inheritance tax. The residue of his estate he disposed of by will as follows: To his six grandchildren, being the children of his said son, John Albert Ferguson, the sum of $18,000; to his son, John Albert Ferguson, the remainder of his estate, real and personal, amounting in value to the sum of $47,282.97.

" If the court be of opinion that the estate devised and bequeathed to the said John Albert Ferguson and his six children is subject, under the law, to the payment of collateral inheritance tax, then judgment to be entered for the plaintiff for the sum of $3,264.14, but if not, then judgment to be entered for the defendant."

After argument of the case stated, the court, WICKHAM, P. J., on October 21, 1889, filed the following opinion:

On February 18, 1871, the legislature passed an act, entitled " An Act to authorize John Ferguson to adopt John Albert Ferguson as his heir." . . . .

Relying on this statute and the conceded fact that he is the illegitimate son of John Ferguson, John Albert Ferguson, the defendant herein, who is the executor of the former's last will and testament, and the principal devisee thereunder, contends that he is not liable to pay any collateral inheritance tax to the state. Although he cannot claim exemption under the collateral inheritance tax laws as a " lineal descendant" of the decedent, " born in lawful wedlock," it is urged, in his behalf, that the special act above recited legitimated him, and that if such was its effect he cannot be called upon to pay the

tax claimed by the commonwealth on the property devised to him. I shall consider these two propositions separately.

Is it true that the act in question legitimated the defendant? If so, it must have worked a result evidently never dreamed of by its makers. The title to the act states, in language not to be misunderstood, that the legislative intent was to make John Albert Ferguson the adopted son or heir of John Ferguson. The preamble sets forth that John Ferguson desired this and nothing else, and suggests as a reason for not applying to the court, under the general adoption law of May 4, 1855, P. L. 431, the fact that John Albert was over the age of twenty-one years; wherefore, the court was without jurisdiction: See Petition of A. H. G., 1 W. N. 576. The words of the enacting clause are as equally appropriate to a case of adoption as to one of legitimation, as will appear by a reference to the act of May 4, 1855, above cited. As to the circumstance that the defendant is the illegitimate son of John Ferguson, it is not noticed in the act of 1871, and probably was not known to a single member of the legislature. The parties are referred to and dealt with as though there were no ties of blood between them; hence I fail to see how this circumstance can be properly used to ascertain the intent of the law-makers, which is the vital matter of inquiry. If we can disregard and set aside the plainly expressed intent of the statute, in the present case, by referring to an extrinsic fact which never entered into the consideration of the legislature, the door is open for a mode of construction which might be used to pervert the obvious meaning of half the laws on the statute book.

Briefly recapitulated the matter stands as follows: First, the title to the act of 1871, which, since the constitutional amendment of 1864, must be deemed part of the act, clearly shows that the legislative purpose was not to legitimate John Albert Ferguson, but to make him an adopted son or heir. Second, the preamble, which may be consulted in cases of doubt, recites that John Ferguson desired merely to adopt the defendant, a thing he had a right to do even if the latter were his illegitimate son. In the eye of the law, John Albert Ferguson was nullius filius. Lastly, the enacting clause is consistent with the title and the preamble to the act, in this, that it confers no more rights on the defendant, possibly, indeed, fewer, than he would have taken if adopted under the act of 1855.

Opinion of Court below.

·· Before passing from this view of the subject, it may be remarked that adoption and legitimation are things so essentially different that if the body of the act of 1871 can be held to intend the legitimating of the defendant, the entire act is probably void, being in conflict with the constitutional amendment of 1864, which requires that the subject matter of every bill shall be clearly expressed in the title. Thus, the ingenuity which would demonstrate that the legislature departed from the purpose indicated by the act, might result in leaving John Albert Ferguson precisely where he stood under the common law.

The views already expressed make it unnecessary to decide whether or not legitimation, any more than adoption, would absolve the defendant from liability for ·the collateral inheritance tax. It may be interesting, however, to consider for a moment how this question is left by the published decisions of the courts. In Commonwealth v. Stump, 53 Pa. 132, Judge ·WOODWARD inclined to the belief that legitimation, before the vesting of the tax in the state, would exempt the heir or devisee from its payment. In Tharp v. Commonwealth, 58 Pa. 500, decided about two and one half years later, the same judge said that his utterance on this subject in Commonwealth v. Stump was merely a dictum. I do not think that the Supreme Court has had occasion since to consider the matter. ·The Orphans' Court of Allegheny county, in Gilmore's Est., 14 P. L. J. 113, held that legitimation barred the commonwealth's claim for the tax. In addition to these cases, attention might be called to the well known rule of construction that requires private statutes, exempting persons from taxes or general burdens, to be strictly interpreted.

I am compelled to hold that John Albert Ferguson is, in the eye of the law, simply the adopted son or heir of John Ferguson, deceased, and it follows, under the decision in Commonwealth v. Nancrede, 32 Pa. 389, that the plaintiff is entitled to judgment.

And now, to wit: October 21, 1889, judgment is rendered in favor of the plaintiff and against the defendant for the sum of $3,264.14, with costs of suit.

—Thereupon the defendant took this appeal, specifying that the court erred in entering judgment for the plaintiff on the case stated.

Arguments.

*Mr. W. H. S. Thompson* (with him *Mr. Martin* and *Mr. E. B. Daugherty*), for the appellant:

1. Under the law relating to collateral inheritance tax, property passing to " children and lineal descendants born in lawful wedlock," is exempted from the payment of collateral inheritance tax. A strict adherence to the letter, and a disregard of the spirit, of the law, would make the defendant liable in the present case. Should such a literal construction be given it? What is meant by "born in lawful wedlock?" Answered in the light of adjudicated cases, it means " legitimate." The two terms are synonymous in meaning, and may be used interchangeably. The legitimate child is not subject to collateral tax; all others are. But there are two kinds of legitimate children; those who are legitimate by birth, and those who are legitimated by act of assembly. Both are legitimate; both, in legal contemplation, are " born in lawful wedlock."

2. That the child legitimated by act of assembly is not subject to the payment of collateral inheritance tax, is assumed by the Supreme Court in the cases of Galbraith v. Commonwealth, 14 Pa. 258, and Commonwealth v. Stump, 53 Pa. 132. If this be true, the only question at issue would be, was John Albert Ferguson legitimated by the act of February 18, 1871? This question is best answered by considering what the disqualification of illegitimacy is, in order to determine what words are necessary to remove it. This disqualification consists in the inability to inherit; in the lack of inheritable blood. An act of assembly, therefore, whatever its words, which gives to the illegitimate child the full right to inherit, makes him legitimate. In Killam v. Killam, 39 Pa. 120; McGunnigle v. McKee, 77 Pa. 81, and in Miller's App., 52 Pa. 113, the court held that the acts of assembly in the several cases were acts of legitimation, although the word " legitimate " was not used, the full right to inherit simply being given. On the other hand, the right to inherit, given by adoption, to one who is a stranger to the blood of the person adopting him, in no sense makes him " a child or lineal descendant born in lawful wedlock," and hence he is liable to the tax.

3. In the present case, John Albert Ferguson is conceded to have been an illegitimate son of John Ferguson. He therefore had the blood, lacking only its inheritable quality. This was

Opinion of the Court.

given by the legislature, in the broadest language that could be used. He was thereby "made heir at law of John Ferguson, to be capable of inheriting the estate and property of the said John Ferguson, as fully, to all intents and purposes, as if he had been begotten by him in lawful wedlock." The son, by birth, is thus made the heir at law, with all the rights of an heir, including the fullest right to inherit. Could it be said, under this act, that he is still illegitimate? Had the act of 1871, in express terms, relieved Ferguson from the payment of collateral inheritance tax, this certainly would have sustained our position, notwithstanding the title of the act. Could any words be stronger than those found in the act itself, giving to him, a son in fact, all the rights of one born in lawful wedlock?

*Mr. John F. Sanderson*, Deputy Attorney General, (with him *Mr. J. R. Harrah*), for the appellee:

Citing the act of May 6, 1887, P. L. 79; Commonwealth v. Nancrede, 32 Pa. 389; Tharp v. Commonwealth, 58 Pa. 500; Edwards's App., 108 Pa. 283, counsel concluded:

The fallacies of the argument of the plaintiff in error are two: first, that an act of adoption is the same in legal effect as an act of legitimation, and second, that, this being so, legitimation brings a bastard within the terms of the description "born in lawful wedlock;" whereas, the position of the commonwealth is that the special act was of adoption merely, that it did not make John Albert Ferguson a legitimated child in law, and that, even if it did, it could not alter the facts of nature and make him in fact a child born in lawful wedlock within the descriptive terms of the act of May 6, 1887.

PER CURIAM:

John Ferguson, the testator, devised and bequeathed to his illegitimate son John Albert Ferguson, an estate amounting to $47,282.97. The only question is whether the estate so given is subject to collateral inheritance tax.' If this were all, there would be no doubt about it. But it appears from the statement of facts agreed upon that on February 18, 1871, an act of assembly was passed which enacted "that John Albert Ferguson, of the township of Independence, in the county of Beaver, be,

and he is hereby made, the heir at law of John Ferguson, to be capable of inheriting the estate and property of the said John Ferguson as fully, to all intents and purposes, as if he had been begotten in lawful wedlock:" See P. L. (1872) 1250.   If it clearly appeared that the legislature by this act intended to legitimate John Albert Ferguson, we would have a new question before us.   It has not yet been decided that an estate descending to a bastard, who has been legitimated by an act of assembly, is not subject to the collateral inheritance tax.   Galbraith v. Commonwealth, 14 Pa. 258, and Commonwealth v. Stump, 53 Pa. 132, hold that, where the estate vests before the act of legitimation, it is liable to the tax.   In both cases, however, it appears to have been assumed that, had the right of the commonwealth to the tax accrued after the act of legitimation, the estate would have been relieved.   We are not called upon to decide this question for the reason that the act in question is one of adoption merely.   There is not a word in the preamble or body of the act to indicate that the legislature intended to legitimate John Albert Ferguson.   It is an act simply to " authorize John Ferguson to adopt John Albert Ferguson as his heir."   That a legacy given to an adopted child who stands in the place of an heir would be subject to this tax, is too plain for argument.   The reason is that he is not a lineal descendant born in lawful wedlock.   He has not the blood.   We need not pursue this subject further, in view of the very careful opinion of the learned judge below.

Judgment affirmed.

