## Phillips's Estate.

*Will—Adopted children—Lapse of devise or legacy—Acts of April* 8, 1833, *P. L.* 250, *May* 4, 1855, *P. L.* 431, *April* 2, 1872, *P. L.* 31 *and May* 19, 1887, *P. L.* 125.

Where a will under seal mentions a legatee as an adopted child, and the legatee has died before the testator, the will cannot operate as a deed of adoption, inasmuch as the will does not take effect until the death of the testator, and at that time the legatee was deceased.

A will under seal which mentions a legatee as an adopted child cannot be taken as conclusive evidence of prior adoption, where the extrinsic evidence in the record is sufficient to warrant a finding that the fact of adoption was not proved.

The 12th section of the Act of April 8, 1833, P. L. 250, which provides that no devise or legacy in favor of a child or other lineal descendant of a testator shall be deemed or held to lapse, by reason of the decease of such devisee or legatee in the lifetime of the testator, if such devisee or legatee shall have issue surviving the testator, does not apply to children adopted under the Act of May 4, 1855, P. L. 431 and May 19, 1887, P. L. 125.

Argued Dec. 6, 1900.   Appeal, No. 42, Oct. T., 1900, by Richard H. Morgan and Thomas H. Morgan, by their next friend and father, Joseph Morgan, from decree of O. C. Schuylkill Co., May T., 1899, No. 32, dismissing exceptions to executor's account.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Exceptions to executor's account.

The facts are fully stated in the opinion of the Superior Court.

*Error assigned* was in dismissing exceptions to executor's account.

*R. H. Koch*, for appellants.—The will itself which is a sealed instrument, is a sufficient deed of adoption.

The fact that a man called another his son, and the latter bore the former's name is sufficient to prove that the son was legitimate : Adose v. Fossit, 1 Pearson, 304.

The testator's solemn declaration over his hand and seal is prima facia proof of legitimate adoption, and must be accepted as conclusive on all parties interested in the estate ; Appel v. Byers, 98 Pa. 479 ; Mellon's Est., 20 Phila. 127 ; Johnson's App., 3 W. N. C. 52 ; Rowan's Est., 132 Pa. 299 ; McGunnigle v. McKee, 77 Pa. 81 ; Miller's App., 52 Pa. 113.

Remedial statutes are to be construed liberally : Schuylkill Navigation Co. v. Loose, 19 Pa. 15 ; Endlich on Interpretation of Statutes, sec. 109.

*Joseph J. Brown*, for appellees.—Adopted children are not children of the person by whom they have been adopted, and the act of assembly does not attempt the impossibility of making them such : Com. v. Ferguson, 137 Pa. 595 ; Schafer v. Eneu, 54 Pa. 304 ; Com. v. Powel, 16 W. N. C. 297.

Parol evidence was admissible to prove the fact of adoption in the case at bar : Appel v. Byers, 98 Pa. 479 ; Mellon's Est., 20 Phila. 127 ; Wusthoff v. Dracourt, 3 Watts, 240.

The will is not a deed of adoption.

The Act of May 19, 1887, P. L. 125, and the Act of April 2, 1872, P. L. 31, being in derogation of the common law must

be construed strictly: Keegan v. Geraghty, 101 Ill. 26; Ex parte Chambers, 80 Cal. 216; Tyler v. Reynolds, 53 Iowa, 146; Wyeth v. Stone, 144 Mass. 441; People v. Congdon, 77 Mich. 351; King v. Davis, 91 N. C. 142; Smith v. Haworth, 53 Mo. 88.

OPINION BY RICE, P. J., May 23, 1901:

The testator died June 5, 1898. His will, dated December 13, 1890, contained this clause:

"I give and bequeath unto my beloved adopted daughter, Maggie Morgan, wife of Joseph Morgan, one house and lot, situated on the north side of Mahanoy Street, in Mahanoy City, being Block 44, and Lot 4, together with Fifteen Hundred Dollars in cash."

Further on is the following clause:

"I will and bequeath unto my beloved granddaughter, May Morgan, the daughter of Joseph Morgan and Maggie Morgan, his wife, one organ, now on my premises."

Maggie Morgan, above referred to, died on October 21, 1896, leaving to survive her her husband and two minor children, the appellants in this case.

The appellants filed exceptions to the executors' account, which the court dismissed, because, to adopt the language of the adjudication, "The said Richard H. and Thomas H. Morgan have no interest in, nor can they have any benefit from the devise or legacy to Maggie Morgan, their deceased mother."

Outside the will there is no evidence that Maggie Morgan was the adopted daughter of the testator. On the contrary, the allegation of the petition of the executors, that she had not been lawfully adopted by him, was not traversed, and Joseph Morgan, the father and next friend of the appellants and the husband of Maggie Morgan, when under cross-examination, admitted that he did not know of any record of such adoption. But it is claimed, first, that the will itself, being under seal, was equivalent to a deed of adoption; or, second, is conclusive evidence of a prior adoption. Neither of these positions can be sustained. As the learned judge below well says, the will did not take effect until the death of the testator, and at that time Maggie Morgan was deceased. Therefore it could not operate as a deed of adoption. Nor can we regard the will, either as furnishing conclusive evidence of the fact of a prior adoption, or, under the

circumstances above alluded to, as dispensing with other proof. The uncontradicted averment of the executors' petition, taken in connection with the admission of the respondent when under cross-examination, were sufficient, in the absence of other evidence, to warrant a finding that the fact of adoption was not proved.

But, assuming that Maggie Morgan was the lawfully adopted child of the testator, what are the rights of her children? The proper determination of this question involves a consideration of the 12th section of the Act of April 8, 1833, P. L. 250, which provides that no devise or legacy in favor of a child or other lineal descendant of a testator shall be deemed or held to lapse by reason of the decease of such devisee or legatee in the lifetime of the testator, if such devisee or legatee shall leave issue surviving the testator; also the Act of May 4, 1855, P. L. 431, as amended by the Act of May 19, 1887, P. L. 125, relative to the adoption of children by proceedings in the common pleas; also the Act of April 2, 1872, P. L. 31, relative to the adoption of children by deed duly executed and recorded. For present purposes we may assume that a child adopted by deed, duly executed and recorded, as provided in the act of 1872, has the same rights as a child duly adopted by proceedings in court. Referring then to the act of 1887, we find that it authorizes a decree that such child shall assume the name of the adopting parent and have all the rights of a child and heir of such adopting parent, and be subject to the duties of such child. Manifestly the legislature did not contemplate a devise or legacy in favor of an adopted child in the enactment of 1833, because at that time it was not in the power of an individual, by the common law of England or this state, to adopt the child of another as his own. This was first authorized by the act of 1855: Ballard v. Ward, 89 Pa. 358. Nor is there any later act which, in express terms, has extended the provisions of the act of 1833 to legacies or devises in favor of adopted children. It is contended, however, that as an adopted child has all the rights of a child and heir of the adopting parent, he must now be regarded as a child within the true intent and meaning of the act of 1833. In support of this argument, the appellants' counsel cites several cases, some of which we shall briefly consider.

The first in order of time is McGunnigle v. McKee, 77 Pa. 81.

In that case land was devised in 1834 to the testator's son Thomas, his heirs and assigns, with the proviso that if Thomas should die without an heir, "then all bequeathments herein before made by me to him shall be equally divided between my son Alexander and his children." Thomas had an illegitimate daughter, who was legitimatized by an act passed in 1858, and made "capable to inherit and transmit any estate as fully as if she had been born in lawful wedlock." It was held, following Killam v. Killam, 39 Pa. 120, and Miller's Appeal, 52 Pa. 113, that the legislature had power to remove the legal taint of illegitimacy for all purposes of future inheritance, and that the testator must be presumed to have made his will with that power in view, and hence that the words "die without an heir" were to be construed as meaning "die without a child capable of inheriting from him." It is to be observed, with regard to this case, that there was no doubt as to the intention of the legislature. The only questions were, first, as to the intent of the testator; and, second, as to the power of the legislature. We fail to see that the case aids materially in the solution of the question before us.

In Johnson's Appeal, 88 Pa. 346, the testatrix devised real estate to her executors, in trust, to pay over the rents, issues and profits to her son for life, and upon his death, to convey the real estate to such person or persons as would by the intestate laws be entitled to the same if he had died intestate, seized thereof in fee. It was held that a child adopted by the son, under the provisions of the act of 1855, after the death of the testatrix, was entitled to the estate. In the concluding part of the opinion, Mr. Justice GORDON said: "One of two things may be regarded as reasonably certain, either Mrs. Johnson did know and understand the intestate laws, to which she so distinctly and emphatically refers, and so must have known that her son had power to introduce into the succession one not of her blood; or she was indifferent as to what might become of the residue of her estate after her son's death, and therefore intrusted the disposition thereof to those laws, without caring to inform herself particularly concerning their provisions." It is thus seen that the case turned upon the construction of the will, and cannot be regarded as authoritatively deciding that the

status of an adopted child is in all respects the same as that of a child born in lawful wedlock.

In Rowan's Estate, 132 Pa. 299, it appeared that the testator had adopted a child prior to his marriage. His widow elected to take the share of the estate to which she would have been entitled under the intestate laws, and it was claimed upon her behalf that as the decedent died without issue, she was entitled to one half of the personalty. This position was not sustained by the court, but it was held that as against the widow, the adopted child had all the rights of a child in fact in the distribution of the estate. The case is more closely analogous than either of the others to the present, because it certainly does give to the act of 1855 the effect of modifying the provisions of the act of 1833, relative to the distribution of the estate of an intestate dying without issue, but it does not touch the question as to the rights of the children of an adopted child in the estate of the adopting parent, which is the question before us.

On the other hand, it has been repeatedly decided that a legacy given to an adopted child is not exempt from collateral inheritance tax. This ruling is based on a statutory provision exempting "children and lineal descendants born in lawful wedlock," it being held that an adopted child does not answer this description: Commonwealth v. Nancrede, 32 Pa. 389; Tharp v. Commonwealth, 58 Pa. 500; Commonwealth v. Ferguson, 137 Pa. 595. In the last cited case, the court said: "That a legacy given to an adopted child standing in the place of an heir would be subject to this tax, is too plain for argument. The reason is, that he is not a lineal descendant born in lawful wedlock. He has not the blood." These decisions bear directly upon the rights of the adopted child himself, and go to show that our statute has not been given the broad construction that has been given to the statutes of other states, which provide that the adopted child is " to all intents and purposes, the child of his adopters, the same as if born to them in lawful wedlock."

The case of Schafer v. Eneu, 54 Pa. 304, is perhaps more closely analagous to the present than any that have been cited. There a ground rent was devised to trustees, for the sole and separate use of a married woman during her life, and upon her

decease, it was directed to be conveyed to her children and the heirs of her children forever. She left no children issue of her body, but she left children adopted in conformity with the act of 1855, to whom she devised the property. As she had but a life estate, there was nothing which she could devise or which could descend from her to her heirs. "If, therefore," said the court, "the adopted children are owners of the rent, it is because they are devisees under the will of James Eneu, the first testator, but his gift of the remainder was to the children of his daughter, Theresa Clark, and to the heirs of her children. Adopted children are not children of the person by whom they have been adopted, and the act of assembly does not attempt the impossibility of making them such. . . . The right to inherit from the adopting parent is made complete, but the identity of the child is not changed. One adopted has the rights of a child without being a child." Hence it was held that the adopted child did not take under the devise. There was, it is true, an additional reason assigned for this conclusion, but this does not detract from the force of the foregoing ruling as to the status of an adopted child under our laws. It is not to be rejected as obiter dictum merely, because the judgment might have been based upon another ground.

In the present case, still assuming that Maggie Morgan was the lawfully adopted child of the testator, it may be surmised that he did not suppose that the gift to her would lapse by reason of her death in his lifetime; for he made no provision for disposition of the property in case of her death, and where it is possible to construe a will so as to avoid intestacy as to any part of the estate, the courts favor that construction. But it is to be borne in mind, as pointed out in the opinion of the court below, that the testator's supposition that the legacy and the devise to her would not lapse, would not prevent them from lapsing, if the twelfth section of the act of 1833 does not apply. "That a legacy lapses by the death of the legatee in the lifetime of the testator is a consequence known to few testators; it is an event rarely contemplated by any, and seldom provided for, but even the most explicit declarations, that the devise shall not lapse, is not sufficient to prevent it; there must be survivorship, as in a joint demise, or limitation over:" Craighead v. Given, 10 S. & R. 351.

Referring again to the act of 1855, as amended by the act of 1887, which must control the decision of the present question, what right of Maggie Morgan is involved in this case? For whilst, as was said in Johnson's Appeal, a child adopted under that act becomes a child and heir of the person adopting him, so far as he can be made such by legislative enactment, yet, as was observed in Schafer v. Eneu, the act does not attempt the impossibility of making him a child in fact. It gives him the rights of a child, and in any litigation in which he is concerned he may assert them successfully. It does not undertake to define or determine what the rights of his children shall be. As we have already suggested, the 12th section of the act of 1833, at the time of its enactment, only contemplated devises and legacies to children by birth, and every word of subsequent acts relative to the adoption of children, can be given full effect without implying any amendment of that section or an abrogation of the common-law rule as to the lapsing of legacies.

Until the death of the testator, Maggie Morgan could have no right under his will; and as she died before him, it is impossible to conclude that a right to the legacy and the devise was transmitted to her issue.

Decree affirmed and appeal dismissed, costs of the appeal to be paid by appellants.