## Senft's Petition.

*Walter B. Hays,* for petitioner; *George Hay Kain,* for respondent.

SHERWOOD, J., November 17, 1930.—This is a petition for a declaratory judgment under the Act of June 18, 1923, P. L. 840. It was duly argued before the court *in banc.* The facts are not in dispute.

Mirl Beatrice Senft, the petitioner, is the adopted daughter and heir of Jacob F. Buchar. At the time of the adoption Jacob F. Buchar and Mary E. Buchar, his wife, also had a child by birth, Jacob Howard N. Buchar. He died March 23, 1907, intestate, unmarried and without issue, seized in fee of real estate situate on the east side of Broad Street, in the City of York, Pennsylvania, the deed therefor being dated February 1, 1905, and duly recorded in the Office of the Recorder of Deeds of York County, Pennsylvania, in Deed Book 14-K, page 596, being survived by his said father and mother and the petitioner. The mother died April 14, 1926. The father died testate September 27, 1929. A copy of his will is attached to the petition, showing all persons who have any claim or interest which would be affected by the declaration prayed for. All parties are represented on the record.

The petitioner claims title to the real estate on the ground that on the death of Jacob Howard N. Buchar it vested in his father and mother during their

joint lives and the life of the survivor, and on the death of the survivor descended to the petitioner. The York National Bank and Trust Company, executor under the will of Jacob Franklin Buchar, disputes the petitioner's title and claims that on the death of Jacob Howard N. Buchar the real estate vested in fee simple in the father and mother and the survivor of them. On February 17, 1930, the York National Bank and Trust Company, trustee, obtained an order of sale of said real estate as the property of Jacob Franklin Buchar. No sale has been made. The case turns on the question whether the petitioner is excluded because she is not of the blood of Jacob Howard N. Buchar. The latter died March 23, 1907, prior to the passage of the Intestate Act of 1917.

In declaratory judgment practice, an actual controversy or the ripening seeds of one must exist. The court must be satisfied that the declaration sought will be a practical help in ending the controversy. It is a matter of judicial discretion whether jurisdiction will be taken of a particular case. Such a proceeding will not be entertained where the court lacks jurisdiction of the subject matter or where another statutory remedy has been specially provided for the case in hand: Kariher's Petition (No. 1), 284 Pa. 455.

The main purpose of the act is to provide a convenient method of determining the disputed interests of parties under "deeds, wills, written contracts or other writings constituting a contract," and the act has to this time been applied in this state only to cases of the kind mentioned: Ladner v. Siegel, 294 Pa. 368. While it seems that the act has been applied only to disputed interests under "deeds, wills, written contracts or other writings constituting a contract," nevertheless the act, by its own terms, expressly extends to rights under statutes. The court is of the opinion that the Uniform Declaratory Judgments Act can be made of real use in this case and is satisfied that it has jurisdiction and that an actual controversy exists between the parties, all of whom are *sui juris* or represented by a proper guardian and before the court, and that the declaration sought will be a practical help in ending the controversy.

The litigants agree that, if the petitioner's claim is determined exclusively by the Intestate Act of April 8, 1833, P. L. 315, it is clear that she has no title to this real estate by inheritance from Jacob Howard N. Buchar, because she is not of his blood but an adopted daughter of his father. Therefore, we must consider the adoption acts to find whether they modify the Intestate Act of 1833 so as to give the petitioner the right of inheritance from Jacob Howard N. Buchar.

The Act of May 4, 1855, P. L. 430, section 7, and its amendments of May 19, 1887, P. L. 125, and April 22, 1905, P. L. 297, all contain this provision: "That if such adopting parent shall have other children, the adopted shall share inheritance only as one of them, in case of intestacy, and he, she or they shall respectively inherit from and through each other, as if all had been the lawful children of the same parent." The Act of May 9, 1889, P. L. 168, section 1, relating to the adoption of adults, contains the same provision.

Our view is that the present case is controlled by Johnson's Appeal, 88 Pa. 346, Rowan's Estate, 132 Pa. 299, and by what was said by the Superior Court in reference to Rowan's Estate, *supra*, in Phillip's Estate, 17 Pa. Superior Ct. 103. In the Johnson case, the testatrix devised real estate to her executors for the benefit of her son for life and at his death "to such person or persons, and for such estate or estates, and in such proportions, as would, by the intestate laws of this Commonwealth, be entitled to the same as if he had died intestate seised thereof in fee." After the death of the testatrix, the son adopted a child under the Act of May 4, 1855, and later died leaving this

adopted child, but no issue. The Orphans' Court of Philadelphia County decided that the adopted child could not receive the real estate because she was not of the blood of the ancestor as required by the Act of 1833. The Supreme Court reversed and held that under the Act of 1855 the adopted child was entitled to the real estate. In Rowan's Estate, *supra*, the decedent left to survive him no issue but a widow and an adopted child, adopted under the provisions of the Act of May 4, 1855. In this case it was decided, following Johnson's Appeal, that a child adopted under the Act of 1855 becomes a child and heir of the person adopting such child so far as he or she can be made such by legislative enactment. In Phillip's Estate, *supra*, the Superior Court said that the decision in Rowan's Estate had the effect of modifying the provisions of the Act of 1833 relative to the estate of an intestate dying without issue. In Burnett's Estate, 219 Pa. 599, the court, referring to the adoption acts, says that "The obvious purpose of the act was to provide for the adoption of children, and to amend the intestate laws only so that the adopted child could inherit from the adopting parent and his children."

These cases definitely decide that the Intestate Act of April 8, 1833, has been modified by the adoption acts so as to enable an adopted child to inherit from the adopting parent; it must necessarily follow that the adopted child, under the same Act of 1855 and its amendments, could inherit from and through other children of the adopting parent as if all had been the lawful children of the same parent. This is the express language of the act.

Therefore, when Jacob Howard N. Buchar died, this real estate went to his father and mother during their joint lives and the life of the survivor of them, and on the death of the survivor descended to the petitioner, Mirl Beatrice Senft, to whom the adoption acts gave the same right to inherit as if she and Jacob Howard N. Buchar "had been the lawful children of the same parent." We conclude that the petitioner is entitled to a declaratory judgment so construing the acts of assembly mentioned, and determining that the title of Jacob Howard N. Buchar in the real estate in the petition described vested in her.

And now, to wit, November 17, 1930, it is ordered, adjudged and decreed (1) that on the death of Jacob Howard N. Buchar the real estate described in the petition for declaratory judgment, to wit, all that lot of ground, with improvements thereon, situate in the City of York, York County, Pennsylvania, bounded and described as follows: Beginning at a point on the east side of Broad Street in said city at property of Edward E. Ropp; thence with the east side of said Broad Street north 20¼ degrees west 18 feet to property of William H. Tyson; thence with the last mentioned property north 69¾ degrees east 64 feet 4 inches to a post; thence with the same north 74 degrees east 46 feet 6 inches to a post at a 10 feet alley; thence with said alley south 20¼ degrees east 18 feet 6 inches to a post; thence by land of Edward E. Ropp south 76 degrees west 55 feet 6 inches to a post; thence by the same south 69¾ degrees west 55 feet 2 inches to the place of beginning; being the same premises which W. F. Bay Stewart, by his deed dated February 1, 1905, and recorded in the Recorder's Office of York County, Pennsylvania, in Deed Book 14-K, page 596, conveyed to Jacob Howard N. Buchar, vested in his father and mother, Jacob Franklin Buchar and Mary E. Buchar, during their joint lives and the life of the survivor of them, and on the death of the survivor, Jacob Franklin Buchar, descended and is now vested in fee simple in the petitioner, Mirl Beatrice Senft, under the Intestate Act of April 8, 1833, P. L. 315, as modified by the Act of May 4, 1855, P. L. 431, and its amendment of May 19, 1887, P. L. 125; (2) that the costs of the proceeding be paid by the estate of Jacob Franklin Buchar, deceased.