## Case No. 9,764.

### MOORE et al. v. HARLEY.

[4 N. B. R. 242 (Quarto. 71);[1] 2 Balt. Law Trans. 666.]

District Court, D. Maryland. 1870.

BANKRUPTCY — PETITION NOT SUBSCRIBED — INCURABLE DEFECT.

When in an involuntary case the petitioners failed to subscribe the affidavit to the petition, *held*, the petition was defective, inasmuch as the forms prescribed by the supreme court required the affidavit and petition to be subscribed by petitioners. Defect incurable, since petition was not a petition in propria forma, such as could be amended.

[Cited in Hunt v. Pooke, Case No. 6,896.]

This was a case of involuntary bankruptcy [in the matter of Moore & Bro. against Harley.] The petition was regularly subscribed and sworn to, and the register who took the affidavit of the petitioners had signed his name in due form. But the petitioners had not subscribed the affidavit to the petition. Thereupon the respondent demurred to the petition, alleging that the petitioners had not by their petition made such a case as entitled them to have the respondent declared a bankrupt, within the provisions of the act of congress entitled, "An act to establish a uniform system of bankruptcy throughout the United States," approved March 2, 1867 [14 Stat. 517]. Upon the hearing the demurrer was sustained, and the petition dismissed with costs. It was held that the petition was defective, inasmuch as the forms prescribed by the supreme court require that the affidavit as well as the petition should be subscribed by the petitioners, and that the defect was incurable, since the petition was not a petition in propria forma, such as could be amended.

R. McLaughlin, for plaintiffs.
Albert Ritchie, for defendant.

## Case No. 9,764a.

### MOORE v. HOFFMAN.

[2 Hayw. & H. 173][2]

Circuit Court, District of Columbia. Nov. 6, 1854.

DESCENT AND DISTRIBUTION — ADOPTED CHILD — WILL.

An adopted child cannot inherit property in this District, unless by will.

---

[1] [Reprinted from 4 N. B. R. 242 (Quarto, 71), by permission.]

[2] [Reported by John A. Hayward, Esq., and George C. Hazelton, Esq.]

Appeal from the orphans' court.

[Petitioner claimed that] Thos. Moore, deceased, was the petitioner's father, and in proof thereof produced his indentures of apprenticeship, in which he was described as the son of Thomas Moore, and many witnesses testified to the fact of Thomas Moore speaking of, and acknowledging him as his son. The appellee, Mary Hoffman, the sister of the deceased, denied that the said Richard H. Moore was the son of the said Thomas Moore, or that he ever had a child, and therefore claimed, as next of kin, to be entitled to the administration of the estate of Thos. Moore, and produced proof that the wife of said Thomas Moore was never delivered of a child, and that Richard H. Moore was the son of another woman, delivered at the house of said Thomas Moore and abandoned by her, and by said Thomas Moore adopted.

The following is the decision of Wm. F. Purcell, judge of the orphans' court.

"I have examined the evidence in this case with care, as well as the laws referred to by the counsel, Messrs. Carrington and Wallach, for the parties, and decide that Richard H. Moore, the petitioner, is not the legitimate child of the deceased, but was raised by him and adopted as his son. The law in such cases does not allow such persons to inherit property unless it be willed to them, according to the statute in such cases made and provided. The petition of said Moore is therefore dismissed, and the next of kin of the deceased applying for the same will be appointed."

Carrington & Davidge. for appellant.
Bradley & Wallach, for appellee.

On appeal to the circuit court the case was fully argued by counsel. THE COURT affirmed the decision of the orphans' court, and decided that Mrs. Hoffman had the right to the estate as next of kin to Thomas Moore.