## MEADER & a. v. ARCHER.

By the law of Massachusetts (Pub. St., c. 148, s. 7) an adopted child is not an heir of the ancestors of the adopting parent.

IN EQUITY. Demurrer to the bill. Allegations of the bill: Mrs. Young died in Massachusetts May 7, 1889, intestate, owning land in this county, and leaving neither issue nor husband. The plaintiffs are her next of kin by blood, and are tenants in common of the land as her heirs unless the defendant has a better title. The defendant was legally adopted in Massachusetts, April 28,

1884, by Warren H. Holt, who was the son and only issue of Mrs. Young. Holt died in Massachusetts before the death of his mother. The defendant, by his guardian (he being a minor) claims the land as heir of Mrs Young by virtue of her son's adoption of him; and his claim prevents the plaintiffs' selling the land for its value, and is a cloud upon their title. The prayer is for a decree that the premises are the plaintiffs' property, for an injunction against the defendant's setting up his claim, and for general relief.

*C. H. Knight*, for the plaintiffs. The defendant was adopted in Massachusetts, and his domicile is and always has been there, as well as that of Holt, his adopting parent, and that of Holt's mother, Mrs. Young, at the time of their decease. If, under these circumstances, he has any status here as an adopted child (*Ross* v. *Ross*, 129 Mass. 243, 245), his rights are limited by the Massachusetts statute under which he was adopted, and by which his status was established. *The Estate of Sunderland*, 60 Iowa 732. "As to the succession to property, a person adopted in accordance with the provisions of this chapter shall take the same share of property which the adopting parent could have devised by will that he would have taken if born to such parent in lawful wedlock, and he shall stand in regard to the legal descendants, but to no other of the kindred of such parent, in the same position as if so born to him." Pub. St. Mass., *c.* 148, *s.* 7. "The intent of the statute was to put an adopted child, for all legal purposes, with certain carefully defined exceptions, in the place of a natural child." *Delano* v. *Bruerton*, 148 Mass. 619, 620. Mrs. Young being the mother, and not a legal descendant, of Holt, the defendant has no title. *The Estate of Sunderland, supra; Safford* v. *Houghton*, 48 Vt. 236; *Quigley* v. *Mitchell*, 41 Ohio St. 375; 9 Am. L. Rev. 80; 10 *id.* 781.

*Marston & Eastman*, for the defendant.

DOE, C. J. Holt's mother outlived him and owned the land at the time of her death, and the plaintiffs are her next of kin. The defendant is Holt's adopted son. As Holt had no title, the land did not go to the defendant as Holt's heir. By the law of the defendant's adoption, he could inherit property which Holt "could have devised by will." This land Holt could not have devised. By the same law, "as to the succession to property," the defendant stands, "in regard to the legal descendants, but to no other of the kindred of" Holt, in the same position as if he were Holt's son. This does not make him an heir of Holt's mother. No objection being made in argument to the form of action, the question of procedure has not been considered.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.