WILLIAM O. DELANO, administrator, *vs.* EMMA O. BRUERTON & others.

Suffolk.   January 31, 1889. — March 1, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Estate of Deceased Person — Adoption — Inheritance — "Kindred."*

An adopted child, who is at the same time the grandson of the adopting father, cannot, under the Pub. Sts. c. 148, § 7, inherit the property of his grandfather in a twofold capacity as his son and as his grandson.

APPEAL, by certain heirs at law of Ivory G. Curtis, from a decree of the Probate Court, upon a petition by the administrator of his estate for an order of distribution, that two shares of the estate be paid to the guardian of Henry Curtis, who was the only child of Henry G. Curtis, a deceased son of the intestate, and who subsequently became the adopted child of the intestate and his wife. Hearing before *Field*, J., who reserved the case for the consideration of the full court. The facts appear in the opinion.

*A. Russ*, (*D. A. Dorr* with him,) for the appellants.

*G. L. Huntress & H. Albers*, for the administrator and guardian.

MORTON, C. J.   Ivory G. Curtis died intestate, leaving as his heirs at law and distributees five daughters, and a grandson, Henry Curtis, the only child of a deceased son, Henry G. Curtis. In 1879, after the death of his son, Henry G. Curtis, the intestate adopted his grandson, Henry Curtis, under the St. of 1876, c. 213, re-enacted in the Pub. Sts. c. 148.   The question in this case is as to the distribution of his personal estate.   One third goes to his widow.   Of the remaining two thirds, it is claimed on behalf of Henry Curtis that he is entitled to one seventh part as an adopted son, and also to one seventh part by right of representation of his father.

The statute provides, in § 6, that, after the decree of adoption, all the rights, duties, responsibilities, and other legal consequences of the natural relation of child and parent, except as regards succession to property, shall exist between the child and the adopting parent, and shall, except as regards marriage, incest, or cohabitation, terminate between the adopted person and his natural parents and kindred.   By § 7 it is provided that, " as to the succession to property, a person adopted in accordance with the provisions of this chapter shall take the same share of property which the adopting parent could have devised by will that he would have taken if born to such parent in lawful wedlock, and he shall stand in regard to the legal descendants, but to no other of the kindred of such parent, in the same position as if so born to him."   Pub. Sts. c. 148, §§ 6, 7.

The intent of the statute was to put an adopted child, for all legal purposes with certain carefully defined exceptions, in the place of a natural child, and to give him the same rights.   If the statute had stopped here, it would seem clear that Henry Curtis would, in regard to the succession to the property of his adopting parent, stand as a son, and that his rights of succession as a grandson would be merged in his greater rights as a son.

But the statute contains a further provision, at the close of § 7, that " no person shall, by being adopted, lose his right to inherit from his natural parents or kindred."   Probably the Legislature contemplated, what is in fact true, that most of the children adopted would be infants incapable of protecting their rights and of appreciating the effect of the transaction, and it was just to provide that they should not, without their

intelligent consent, be deprived of the right to inherit the property of their natural parents or kindred. As applied to most cases, the provision is plain, and in harmony with the other parts of the statute, and there is no difficulty in carrying into effect every part of it. But when applied to the case before us, if it is to receive the construction claimed by the guardian of Henry Curtis, it becomes inconsistent with the main provisions of the statute.

The same person cannot, as to the legal descendants of his adopting parent, stand in the position of his son and at the same time claim to inherit a portion of his property as his grandson. It is to be continually borne in mind, that we are not dealing with the question whether Henry Curtis can inherit as a son from his adopting parent and at the same time inherit directly from his father. If his father left property, he would have the right to inherit it. But the sole question is as to the right to inherit the property of his grandfather and adopting father in a double capacity, as his son and as his grandson. He claims the right to inherit, under the first part of the section, as his son, and under the last clause because he is included among his "kindred." When the Legislature provided that no person should, by being adopted, lose his right to inherit from his natural parents or kindred, we do not think it understood or intended that "kindred" should include the adopting parent. It intended to save the right of inheritance from other parties, having already provided as to the right of inheritance from the adopting parent. To bring this provision, when applied to a case like this, into harmony with the other parts of the statute and with its general spirit and scope, we are of opinion that it should be held to apply to the inheritance of the property of some third person, and not to that of the property of the adopting parent.

There is no need of a saving provision to prevent injury to the adopted child in any case which is likely to happen of the adoption of a descendant, because the adopted child would almost invariably take more as an adopted son than he could by right of representation or inheritance through his parents. We think the only exception is the one supposed by the counsel for the guardian, which is, that a man who has had four children adopts his great-grandson, who by the intermarriage of cousins is the

only issue of two of the children of the adopting parent. In that case he would take more as a great-grandson, by right of representation of his parents, than he would as an adopted child of the intestate. But the case is so extremely unlikely to occur that it cannot have much weight in the interpretation of the statute.

We are therefore of opinion, that Henry Curtis is entitled to take as an adopted son one sixth of the two thirds part of the estate which is to be distributed, and no more.

*Decree reversed.*