## VAN DERLYN v. MACK.

1. ADOPTION—INHERITANCE.
   The provisions of 3 Comp. Laws, § 8780, for the adoption of children, do not make such children heirs of the kindred of the persons adopting them.[1]

2. EQUITY—WILLS—CONSTRUCTION—HEIRSHIP.
   Where, if a certain person had a right to inherit from a testator, the construction of the will was necessary, a court of equity, having obtained jurisdiction for that purpose, may determine the question of heirship.

3. COSTS—SUITS BY EXECUTORS.
   Where one having no interest in an estate makes a claim as heir, and the executor brings suit to determine the rights of the claimant, he is entitled to recover the costs.

Appeal from Jackson; Peck, J. Submitted June 14, 1904. (Docket No. 17.) Decided July 7, 1904.

Bill by Nelson Van Derlyn, individually and as executor

---

[1] As to legal status of adopted child, see note to *Warren* v. *Prescott*, (Mo.) 17 L. R. A. 435.

of the last will and testament of John Van Derlyn, de-ceased, and Alfred Van Derlyn against Lillie May Mack, an infant, by John F. Mack, guardian ad litem, to con-strue said will and codicil thereto, and to determine the legatees thereunder. From an order overruling a demur-rer to the bill, defendant appeals. Affirmed.

*Parkinson & Campbell* and *Charles E. Townsend,* for complainants.

*Pringle & Hewett,* for defendant.

HOOKER, J. Lillie May Mack was adopted, under the provisions of the statute (3 Comp. Laws, § 8776 *et seq.*), in the year 1895, by John F. Mack and his wife, Mahala J. Mack. She was not of kin to either of these persons. Mahala J. Mack had four brothers, viz., James, Alfred, John, and Nelson Van Derlyn.

John Van Derlyn made a will September 25, 1901, in which he left his property to his three brothers, and men-tioned his sister as having previously died without issue. On February 14, 1903, he made a codicil to the will, re-voking all provisions in his will in favor of his brother James.

A question arises as to the effect of this codicil; i. e., should the other two brothers take the share bequeathed to James in the first will, or did the codicil leave it sub-ject to distribution under the statute? Lillie May Mack bases her claim upon the latter view, and a claim that she is entitled to inherit a portion of the same through representation of her mother by adoption, Mahala J. Mack, testator's sister.

The bill was filed by Nelson Van Derlyn, individually and as executor of John Van Derlyn, and Alfred Van Derlyn. In its prayer they asked (1) that it be decreed that Lillie May Mack is not an heir at law of John Van Derlyn, or a distributee in any of the personal estate of the deceased; (2) that the will and codicil be construed; (3) that it be decreed that the complainants are the sole dev-

isees and owners of all of said estate; (4) that the title be declared free and clear from any claim on her part.

The bill was demurred to, and, the demurrer being over-ruled, the defendant has appealed.

The statute (3 Comp. Laws, § 8780) provides:

"Such judge of probate with whom such instrument is filed, shall thereupon make an investigation, and if he shall be satisfied as to the good moral character, and the ability to support and educate such child, and of the suit-ableness of the home of the person or persons adopting said child, he shall make an order to be entered on the journal of the probate court that such person or persons do stand in the place of a parent or parents to such child, and in case a change of name is desired, that the name of such child be changed to such name as shall be designated in said instrument for that purpose. Whereupon such child shall, in case of a change of name thereafter be known and called by said new name, and the person or persons so adopting such child, shall thereupon stand in the place of a parent or parents to such child in law, and be liable to all the duties and entitled to all the rights of parents thereto, and such child shall thereupon become and be an heir at law of such person or persons, the same as if he or she were in fact the child of such person or persons."

The power to inherit from Mahala J. Mack is given by this statute, and that is as far as the statute goes. It does not say that she shall be the heir of Mahala J. Mack's kindred, nor that she may inherit from them by the right of representation of Mahala J. Mack. We cannot extend the statute by construction. We see nothing in it to lead to the belief that it was the legislative intention to permit one to adopt heirs for third persons.

It is claimed that there are many decisions which sustain the claim of Lillie May Mack, although counsel concede that there are others which deny it. It will be found, however, that there is not much inharmony in the cases, when the varying statutes of different States are considered; and we are satisfied that most, if not all, of the cases can be reconciled with the view above indicated, if

proper allowances are made for the differences in statutes. Thus in Massachusetts the statute provides that:

"A child so adopted shall be deemed, for the purposes of inheritance by such child and all other legal consequences and incidents of the natural relation of parents and children, the child of the parents by adoption, the same as if he had been born to them in lawful wedlock; except that he shall not be capable of taking property expressly limited to the heirs of the body or bodies of the parents by adoption, nor property from the lineal or collateral kindred of such parents by right of representation." Gen. Stat. 1860, chap. 110, § 7.

In the case of *Sewall* v. *Roberts*, 115 Mass. 276, the Massachusetts court properly held that the exceptions in the statute aided in the interpretation, and perhaps broadened it—a doctrine that is also enunciated in *Glascott* v. *Bragg*, 111 Wis. 605 (87 N. W. 853, 56 L. R. A. 258), and *Warren* v. *Prescott*, 84 Me. 483 (24 Atl. 948, 17 L. R. A. 435, 30 Am. St. Rep. 370). See, also, *Hilpire* v. *Claude*, 109 Iowa, 159 (80 N. W. 332, 46 L. R. A. 171, 77 Am. St. Rep. 524). Also the cases of *Flannigan* v. *Howard*, 200 Ill. 396 (65 N. E. 782, 59 L. R. A. 664, 93 Am. St. Rep. 201), and *Hartwell* v. *Tefft*, 19 R. I. 644 (35 Atl. 882, 34 L. R. A. 500), both of which States have statutes similar to that of Massachusetts. See, also, *Vidal* v. *Commagere*, 13 La. Ann. 516, for a broad construction of a statute of this kind, following the rule of the civil law.

The foregoing cases are for the most part justified by the respective statutes, and therefore do not militate against another construction of a statute, which, while it makes an adopted child the heir of the persons adopting him, contains nothing to indicate that he may inherit the property of others, which never has descended to those adopting him. In the construction of such statutes the following authorities are in point:

In *Barnhizel* v. *Ferrell*, 47 Ind. 335, it was held that, by adopting a child, he was not made the heir of his foster brother, under the statute of Indiana. See *In re Estate of Sunderland*, 60 Iowa, 736 (13 N. W. 655).

In *Power* v. *Hafley*, 85 Ky. 676 (4 S. W. 685), the court said:

"In reaching the conclusion that one, by adopting another, may make that other his own heir, with full capacity to inherit his estate, and that the children of the adopted may also inherit from him, we do not wish to be understood as deciding that the adopting parent can make the adopted child the heir of other people, so as to entitle such child to inherit property that does not come directly from the adopting parent. The case at bar does not involve that question, and we prefer to reserve any expression of opinion thereon until the question actually arises."

In *Meader* v. *Archer*, 65 N. H. 215 (23 Atl. 521), the Massachusetts act was interpreted, and the court said:

"Holt's mother outlived him, and owned the land at the time of her death, and the plaintiffs are her next of kin. The defendant is Holt's adopted son. As Holt had no title, the land did not go to the defendant as Holt's heir. By the law of the defendant's adoption, he could inherit property which Holt 'could have devised by will.' This land Holt could not have devised. By the same law, 'as to the succession to property,' the defendant stands, 'in regard to the legal descendants, but to no other of the kindred of' Holt, in the same position as if he were Holt's son. This does not make him an heir of Holt's mother. No objection being made in argument to the form of action, the question of procedure has not been considered."

In *Helms* v. *Elliott*, 89 Tenn. 448 (14 S. W. 930, 10 L. R. A. 535), the Tennessee court said:

"As between the adopting parent and the adopted child, the statute declares in the plainest terms that the adopted child shall, by the act of adoption, acquire all the rights of a child born to such parent. The adopted child becomes entitled to the same protection and support as if born the child of the adopting parent, and is given the capacity of inheriting or succeeding to the estate of the adopting parent as heir or next of kin. The adopting parent assumes the same parental obligations to the adopted child as if such child were born to such parent, and the adopted child is clothed with the same rights in the estate of the adopting

parent as an heir or next of kin. This is the full measure of the benefits conferred upon the adopted child. No claims are given upon any one except the adopting parent. No property rights are conferred except in the estate of such parent.

"It is contended that the legal status of the adopted child is the same as that of the child born in lawful wedlock, and that, as a consequence, the same rights of heir and next of kin exist in the one case as in the other, not only as to the parent, but as to all other persons. This position is sound in part only. So far as the parental obligations and the estate of the adopting parent are concerned, it is well taken, but beyond that it is not tenable. As to the estates of other persons than the adopting parent, the law of adoption fixes no right in the adopted child. It is only as to the adopting parent that the adopted child is made 'heir or next of kin' by the statute. By the adoption, Anderson Lewis, the adopted son, became vested with all the rights of heir and next of kin of Louie Lewis, the adopting father, but he was not thereby made the heir and next of kin of the children born to Louie Lewis. As to them he occupied the same relation in law after the adoption as before—that of a stranger in blood. *   *   *

"The strict legal meaning of the phrase 'next of kin' is 'next or nearest in blood.' In ascertaining who the next of kin is, the law follows the line of consanguinity. Such is the general rule of the common law. It is the same in this State under our general statute of distribution. It is so in every case unless there be an express statutory exception. In the law of adoption, such an exception is made, but, as we have already seen, it applies alone to the estate of the adopting parent. The law of adoption arbitrarily establishes for the adopted child the relation of heir and next of kin to the adopting parent, but it does not establish such a relation to the descendants of the adopting parent. As to them and their estates, the adopted child stands in no other relation than that existing before the act of adoption."

In *Moore* v. *Moore's Estate,* 35 Vt. 98, where the statute constituted an adopted child an heir at law "in as full and perfect a manner as if born to the adopting parents in lawful wedlock," it was held that the statute did not make the child, by representation, an heir of the brother of its mother by adoption, although she would be an heir if liv-

ing. See, also, *Delano* v. *Bruerton*, 148 Mass. 619 (20 N. E. 308, 2 L. R. A. 698); *Keegan* v. *Geraghty*, 101 Ill. 26.

We think these cases are conclusive of the question, as already indicated, and that Lillie May Mack has no interest in this estate.

Whether or not it would have been proper to file a bill merely to adjudicate upon Lillie May Mack's claim of heirship, it would be necessary to construe the will and codicil if her right to inherit from John Van Derlyn should be sustained, and in such case the complainants might file a bill for that purpose. This they did, and, having jurisdiction for that purpose, we may decide the other question.

This disposition of that question makes it unnecessary to pass upon other questions, except that of costs, which counsel for the appellant ask us to impose upon the estate. We see no occasion to do this. The friends of Lillie May Mack saw fit to claim for her a share of an estate in which she has no interest. To impose costs upon the estate is an indirect way of making the true owners of the property pay them, which ought not to be required. On the contrary, they are entitled to costs.

The decree overruling the demurrer is affirmed, with costs.

The other Justices concurred.