## BILLINGS, GUARDIAN *v.* HEAD ET AL..

[No. 22,912. Filed January 28, 1916.]

1. ADOPTION.—*Who May be Adopted.—Grandchildren.*—A person may adopt his own grandchildren, as well as strangers to his blood. p. 363.

2. ADOPTION.—*Descent and Distribution.—Rights of Adopted Grandchild.*—Notwithstanding the provisions of §870 .Burns 1914, Acts 1883 p. 61, that an adopted child is entitled to all the rights and interest in the estate of the adopting parent, by descent or otherwise, the same as if a natural heir of such adopting parent, and the provisions of §2991 Burns 1914, §2468 R. S. 1881, that an intestate's land shall descend one-third to the widow and the remainder to his children in equal proportions, and that if a child be dead leaving a child surviving, the latter shall take the share which its parent would have inherited if living, the grandchild of an intestate, adopted by the latter on the death of its father, who was intestate's son, could take an interest in the estate either in the capacity of grandchild or adopted child, but not in both capacities. p. 363.

From Marion Circuit Court (24,920); *Louis B. Ewbank*, Judge.

Action by Harley D. Billings, guardian of Lehallah Head, against Benjamin F. Head and others. From an interlocutory order, the plaintiff appeals. *Affirmed.*

*Harley D. Billings, Ele Stansbury, Zimri E. Dougan* and *Thomas J. Cofer*, for appellant.

*Charles F. Remy, James M. Berryhill* and *William H. Remy*, for appellees.

MORRIS, C. J.—Appeal from an interlocutory order for payment of money. Subd. 15, §1392 Burns 1914, Acts 1907 p. 237, The only question involved arises on exceptions to conclusions of law on these facts: William T. Head died intestate in 1914 owning certain real estate, and leaving as his heirs a widow, four children, and a grandchild; he had a son John, who previously died leaving an only child, Lehallah, who is appellant's ward, and who was

subsequently adopted by said William T. Head, §870 Burns 1914, Acts 1883 p. 61. In a partition proceeding it was adjudged that said real estate could not be divided among the heirs and it was sold by a commissioner; appellant, as guardian of the grandchild, who was also an adopted child of the intestate, demanded two-ninths of the proceeds of sale on the theory that the widow took a third and each of the four natural children took a sixth of two-thirds, while his ward took a sixth of two-thirds as natural grandchild, and the same amount as adopted child. The trial court concluded that appellant's ward and each of the four natural children took two-fifteenths of the estate and ordered accordingly.

Our statutes of descent provide that an intestate's land shall descend, one-third to the widow and the remainder to his children in equal proportions, provided that if a child be dead leaving a child surviving the latter shall take the share which its parent would have inherited, if living. §2991 Burns 1914, §2468 R. S. 1881. Our statute dealing with the right of inheritance of an adopted child reads as follows: "Such court, when satisfied that it will be for the interest of such child, shall make an order that such child be adopted, and from and after the adoption of such child it shall take the name in which it is adopted and be entitled to and receive all the rights and interest in the estate of such adopting father and mother, by descent or otherwise, that such child would if the natural heir of such adopting father or mother: *Provided, however,* That should such adopted child die intestate, without leaving wife or husband, issue or their descendants, surviving him or her, seized of any real estate or owning any personal property which may have come to such child by gift, devise or descent

from such adopting father or mother, such property so coming to such adopted child shall, on its death, descend to the heirs of said adopting father or mother the same as if such child had never been adopted." §870 Burns 1914, *supra.*

Under our laws of adoption a person may unquestionably adopt his own grandchild as well as a stranger to his blood. The Indiana laws of descent cover all cases of succession to property of deceased intestates, though, because of the generality of the language used, it is sometimes difficult to discover the legislative intent. *Bruns* v. *Cope* (1914), 182 Ind. 289, 105 N. E. 471. We are of the opinion that the trial court did not err in its conclusions of law. There is no express language in the statutes applicable to the facts here, but we are constrained to hold that it was not the legislative purpose that an adopted grandchild should ever inherit more of its adopting parent's estate than would one of his natural children, and where, as here, the heir occupies a dual capacity it can not inherit both as grandchild and adopted child. *Delano* v. *Bruerton* (1889), 148 Mass. 619, 20 N. E. 308, 2 L. R. A. 698; *Morgan* v. *Reel* (1905), 213 Pa. St. 81, 62 Atl. 253.

Counsel for appellant assume that the trial court held that appellant's ward takes here as adopted child rather than as grandchild, and call our attention to the limitation of descent of the property left by a deceased adopted child. See §870 Burns 1914, *supra.* It may in the future be important to know under which statute appellant's ward inherits, for, should she die the owner of this property it might descend to her mother (if she has any living) if she takes as grandchild, while if she takes as adopted child it would descend to her grandfather's

heirs. The record here presents no question as to the statute under which she takes. She would take the same share, two-fifteenths, under either law, and the trial court simply concluded and adjudged that she is entitled to such share. This order is interlocutory. Whether the guardian may yet present such qustion to the trial court we do not consider, nor do we consider the possible question whether the grandchild or its guardian might elect under which statute it would hold the inheritance. Judgment affirmed.

NOTE.—Reported in 111 N. E. 177. As to adoption of children, see 39 Am. St. 210. As to the legal status of an adopted child, see 17 L. R. A. 435. As to the right of a child of adopting person to inherit from adoptive parent, see Ann. Cas. 1914 A 221. See, also, under (1) 1 C. J. 1376; (2) 1 C. J. 1397; 1 Cyc 931.