HEAD ET AL. *v.* LEAK, ADMINISTRATOR, ET AL.

[No. 9,362. Filed March 16, 1916.]

1. DESCENT AND DISTRIBUTION.—*Adoption.*—*Capacity to Inherit.*— The act of adoption does not take away any existing rights, or destroy the legal capacity to inherit from natural parents. p. 255.

2. DESCENT AND DISTRIBUTION.—*Adoption.*—*Heir in Dual Capacity.* —Where an adopted child of an intestate has a right to property of the decedent either in the capacity of an adopted child or as natural heir, but not in both, it should receive the greatest amount it would be entitled to receive in either capacity. p. 255.

3. DESCENT AND DISTRIBUTION.—*Adoption.*—*Heir in Dual Capacity.*—Where decedent left surviving him his widow, four sons and an adopted daughter who was the only child of a deceased son, such adopted daughter should take as natural heir, and not as an adopted child, since under the circumstances her rights are greater

as a natural heir, in view of the limitation upon the descent of property taken by an adopted child, contained in §870 Burns 1914, Acts 1883 p. 61. p. 255.

From Hendricks Circuit Court; *George W. Brill,* Judge.

Action on the filing of exceptions by William E. Head, and others to the final settlement report of James T. Leak, administrator of the estate of William T. Head, deceased. From the judgment rendered, William E. Head and others appeal. *Reversed.*

*Charles F. Remy* and *James M. Barryhill,* for appellants.

*George M. Piersol, Harley D. Billings, E. C. Stansbury* and *Zimri E. Dougan,* for appellees.

IBACH, C. J.—This is an action which arose on the filing of exceptions by appellants to the final settlement report of appellee, James T. Leak, as administrator of the estate of William T. Head, deceased. The facts as to the situation and relationship of the parties are set forth more fully in the opinion in the case of *Billings* v. *Head* (1916), 184 Ind. 361, 111 N. E. 177, which involved real property left by William T. Head. William T. Head left surviving him four natural children and an adopted child, who was his grandchild, the only child of a deceased son. In the distribution of the surplus of the personal estate of William T. Head, after the payment of debts, and the satisfaction of his widow's rights, the question arose as to whether Lehallah Head, the adopted child, and one of the appellees, was entitled to one-fifth or to two-sixths of that remainder, that is, whether she took only one share, or whether she took a share as an adopted child, and another share as her father's heir. In the case of *Billings* v. *Head, supra,* it was decided that Lehallah Head was

entitled to only one share. The question is here presented, which was not there decided, as to whether she takes the one share as adopted child, or as natural heir. The act of adoption does not take away any existing rights, or destroy the legal capacity to inherit from natural parents. *Patterson v. Browning* (1896), 146 Ind. 160, 163, 44 N. E. 993; *Humphries v. Davis* (1885), 100 Ind. 274, 283, 50 Am. Rep. 788. So, where as in this case the adopted child has a right to take property in either capacity as adopted child, or as natural heir, but not in both, she should receive the greatest amount she would be entitled to receive in either capacity.

There is in this State a limitation upon the descent of property which is taken by an adopted child. It is provided by §870 Burns 1914, Acts 1883 p. 61, that when an adopted child dies intestate, without leaving wife or husband, issue or their descendants, surviving him or her, seized of any real estate or owning any personal property which may have come to such child by gift, devise or descent from the adopting parent, such property so coming to the adopted child shall on its death descend to the heirs of the adopting parent. There is no limitation on the descent of property taken as a natural heir, and it descends according to the general laws of descent. Lehallah Head's right in the property involved would be greater as a natural heir than as an adopted child. The court below held that she took two shares, one in each capacity, and stated conclusions of law accordingly, from which exceptions were taken by appellants, and this appeal prosecuted. This was error. We hold that Lehallah Head should take a one-fifth share in the surplus personal property of her adopted parent's estate, and should take that

share as his natural heir, in lieu of her deceased father.

Judgment reversed, with instructions to the court to restate its conclusions of law, and render judgment accordingly.

NOTE.—Reported in 111 N. E. 952. As to power to give child under existing adoption right to inherit from natural parent or parent's relatives, see 35 L. R. A. (N. S.) 216. As to right of an adopted child to inherit from persons other than adopted parents, see 4 Ann. Cas. 881; 9 Ann. Cas. 780. See, also, under (1) 1 C. J. 1400; 1 Cyc 933.