In re BENNER'S ESTATE.

BENNER v. GARRICK et al.

No. 6898.   Decided February 18, 1946.   (166 P. 2d 257.)

See 26 C. J. S., Descent and Distribution, sec. 2; 1 Am. Jur., 656.

*Cline, Wilson & Cline,* of Milford, for appellant.

*M. A. Melville,* of Fillmore, and *Alton C. Melville,* of Salt Lake City, for respondents.

WADE, Justice.

Martha Ann Benner died intestate leaving as her only surviving heirs three grandchildren, the issue of an only daughter who had predeceased her. One of these grandchildren, Henry Benner, the appellant herein, was legally adopted by Martha Ann Benner and sought to inherit from her estate in the dual capacity of both a son and a natural grandchild. The court ordered and decreed that he was entitled to inherit as the son of decedent but not in addition thereto as her grandson. From this decree of distribution, Henry Benner appeals.

The sole question presented to this court in this appeal is: Does a person adopted by a blood relative who dies intestate become entitled to inherit in the dual capacity of adopted child and blood relative, or must his inheritance be limited to either that of an adopted child or blood relative?

To determine this question we must look to our statutes on adoption and descent since the right to inherit is strictly a statutory right.

The statutes pertinent to our inquiry are Sections 14-4-9, 14-4-10 and 14-4-11, U. C. A. 1943 pertaining to the effect on the relationship of an adopted child to its adopting and natural parents and Section 101-4-5, subsection 2, which is the succession statute.

Section 14-4-9 provides that an adopted child

"shall thenceforth be regarded and treated in all respects as the child of the person adopting."

Sec. 14-4-10 provides that after adoption the person adopting the child

"shall sustain the legal relation of parent and child, and have all the rights and be subject to all the duties of that relation."

Sec. 14-4-11 provides that:

"The natural parents of an adopted child are, from the time of the adoption, relieved of all parental duties toward and all responsibility for the child so adopted, and shall have no further rights over it."

Section 101-4-5, subsection 2, provides that:

"If the decedent leaves no surviving husband or wife, but leaves issue, the whole estate goes to such issue, and if such issue consists of more than one child living, or one child living and the issue of one or more deceased children, then the estate goes in equal shares to the children living, or to the child living and the issue of the deceased child or children by right of representation."

Under the provisions of the above quoted statute, appellant is entitled to take as the surviving issue of the predeceased child of the decedent unless our legislature has declared that an adopted child loses its right to inherit through its natural parents. This involves a construction of the adoption statutes we have referred to above. California and South Dakota have construed statutes similar to our. California in the case of *In re Darling*, 173 Cal. 221, 159 P. 606, 608, held that by being adopted a child lost its right to inherit from its natural parents, but even in this case it held that the child could inherit both from its adopting parents and its natural grandparents. The court took the viewpoint that since the statute provided that the natural parents were

"relieved of all parental duties towards, and all responsibilities for the child so adopted, and have no right over it,"

that this meant they were no longer its parents in the eyes of the law. We are not impressed with this construction of the statute. The statute does not in express terms say that an adopted child may not inherit from its natural parents, nor do we think that it is a necessary implication from the fact that the legislature has said that natural parents lose all rights over its child when it is adopted, nor from the fact that the child becomes the legal child of its adopting parent and sustains all the rights and is subject to all

of the duties of that relationship. The more reasonable import of these statutes is that they were enacted for the benefit of the adopted child and to define the relationship between it and its adopting and natural parents insofar as the custody and control of the child is concerned. We cannot say it is a necessary implication from the language used by the legislature that it intended the adopted child to lose certain rights which it otherwise would have. By being born to its natural parents its status was established under our succession statutes and it became entitled to inherit from them. We are of the same opinion as the South Dakota court which was interpreting statutes similar to ours in the case of *Sorenson* v. *Churchill*, 51 S. D. 113, 212 N. W. 488, 489, that:

"Neither by express statute, nor by necessary implication, nor by prior decisions of this court, nor, indeed, by the express holding in a like case by any court, are we compelled to ignore the demands of that blood right on which the statutes of descent are based. In fact, a great array of authority * * * convinces us that the laws of adoption do not so limit that part of section 701, Rev. Code 1919, [succession statute] above quoted, as to cause a child, on being adopted, to lose its right to inherit from its natural parent. Under the law of adoption the natural parent and the adopting parent each must consent to the new relationship before the child can be legally adopted. By consent each is bound. The adopted child, the person principally affected by the transaction, has no choice and gives no consent. His natural parent, by his consent to his adoption, loses his right to inherit from his natural son. But no one consents for the innocent and helpless subject of the transfer that he shall lose the right to inherit from his natural parent, whose issue, under section 701, he does not cease to be when the right to his control passes to another. Nor does he lose by adoption that right which the law of succession gives him, except when 'by the terms of express statute or by inexorable implication' the law of succession has been so limited and restricted. * * *"

See also *In re Roderick*, 158 Wash. 377, 291 P. 325, 80 A. L. R. 1398, and notes. Also see notes 123 A. L. R. 1043.

Since we hold that our statutes neither by express terms nor by necessary implication prevent an adopted child from inheriting from or through its natural parents, does the mere fact that the adopting parent is a blood rela-

tive prevent him from inheriting both from the adoptive parent and also from his natural parent by right of representation? In our opinion it does not, although there are cases such as *Billings* v. *Head,* 184 Ind. 361, 111 N. E. 177; *Delano* v. *Bruerton,* 148 Mass. 619, 20 N. E. 308, 2 L. R. A. 698; and *Morgan* v. *Reel,* 213 Pa. 81, 52 A. 253, which have held in interpreting the particular statutes of their states that a child adopted by a grandparent cannot inherit in a duel capacity, we think that under our statutes the more logical construction is that the child may inherit in a duel capacity. Had the legislature desired a different result it could have enacted a law forbidding dual inheritance. Furthermore, when a person adopts a child an act of favoritism is shown thereby; it becomes another child in the family of the adopting parent and inherits as such. Had a person not a relative been adopted by decedent, the other heirs would not have had one person less in their own family entitled to take by representation and they would therefore have gotten no more than they will now. Had the decedent desired otherwise she could have made a will to that effect. See *In re Bartram's Estate,* 109 Kan. 87, 198 P. 192; *Wagner* v. *Varner,* 50 Iowa 532; and *In re Wilson's Estate,* 95 Colo. 159, 33 P. 2d 969, which hold that an adopted grandchild can take its inheritance in the dual capacity of child of its adopting parent and also by representation as the natural child of its deceased parent in the absence of a statute forbidding it.

Reversed. Costs to appellant.

LARSON, C. J., and McDONOUGH and WOLFE, JJ., concur.

TURNER, Justice (dissenting).

I dissent. The prevailing opinion approves of dual inheritance from a common ancestor. Specifically the decision says that a grandchild, adopted by the grandparent, is entitled to inherit as a son and by succession is entitled

to a part of the estate that would come to the mother from her father.

This questions comes before this court for the first time. In fact, the problem as here presented has been before only five or six of the appellate courts in this country. I believe I can say without doubt or hesitancey on this question there is no weight of authority.

I shall call attention to these matters which apparently have persuaded some jurists to support the rule of dual inheritance. By the great weight of authority it is held that a child who has been adopted is entitled to inherit from his natural parents. This rule with which I have no conflict appears to be a legal barrier in favor of dual inheritance, which some minds cannot overcome. Supporters of the rule contend that to place any limitation on inheritance either from or through the natural parent is inconsistent with legal logic.

Personally, I think this is not nearly as inconsistent or absurd as to contend that when by adoption a grandchild's relation is changed by law to that of child, you can still logically contend that this one is both child and grandchild in relationship and is entitled to inherit as both. Thus the adopted child is given a greater inheritance than a natural child can ever have from a parent dying intestate. Such a relationship makes the adopted child an uncle of his brothers and sisters for inheritance purposes and also a brother. The injustice of such is apparent in the case at bar and also in *Delano* v. *Bruerton et al.*, 1889, 148 Mass. 619, 20 N. E. 308, 2 L. R. A. 698.

Martha Ann Benner died intestate. She left the adopted child and two grandchildren. Following the rule of dual inheritance, the adopted child as such is entitled to receive one-half of Mrs. Benner's estate, and by succession through the mother is also entitled to the same proportion of the mother's inheritance as his natural brother and sister. Thus he would receive two-thirds of Mrs. Benner's estate while his natural brother would inherit one-sixth and his sister one-sixth. Such an inheritance is inequitable and cannot

produce good feeling, but is bound to result in ill will and animosity.

In *Delano* v. *Bruerton et al.*, supra, the adopted child would receive twice as great an inheritance as any natural child. This situation naturally will tend to destroy the proper relationship which should exist between one adopted and children of the parent's blood.

It is also argued in support of the rule that a person's property is subject to one's control during lifetime and heirs cannot complain of steps taken by a parent to increase the inheritance of a minor heir by adoption. I agree with this statement but to argue that this supports dual inheritance through intestacy is to argue that the parent knowingly adopted a child and died intestate with the intent of giving the adopted child such an inheritance. The fallacy of this argument is based upon the assumption that the parent knew the law of inheritance for a child of adoption who was a natural grandchild. The parent could not have known the law, for it is so uncertain that the text writers cannot state it with certainty or as to where the weight of authority is to be found.

In support of this proposition I quote from Vol. 2, C. J. S., Adoption of Children, § 63, subsec. c, p. 454, which I think states the law as clearly and with as much certainty as is to be found in any creditable text:

"The adopted child continues to inherit from all blood relatives in the absence of a statute to the contrary, although he may be denied the right to inherit in a dual capacity where the adoptive parent is a blood relative."

I have examined all the cases cited by counsel and all to which our attention is called in the prevailing opinion. I believe the opinions against dual inheritance give better reasoning than those supporting it. See *Delano* v. *Bruerton et al.*, supra. From page 309 of 20 N. E., I quote:

"The same person cannot as to the legal descendants of his adopted parent stand in the same position as his son, and at the same time claim to inherit a portion of his property as his grandson. It is to be

continually borne in mind that we are not dealing with the question whether Henry Curtis can inherit as a son from his adopting parent, and at the same time inherit directly from his father."

In *Billings* v. *Head*, 1916, 184 Ind. 361, 111 N. E. 177, the following is found:

"* * * There is no express language in the statutes applicable to the facts here, but we are constrained to hold that it was not the legislative purpose that an adopted grandchild should ever inherit more of its adopting parent's estate than would one of his natural children, and where, as here, the heir occupies a dual capacity, it cannot inherit both as grandchild and adopted child." Citing *Delano* v. *Bruerton*, supra, and *Morgan* v. *Reel*, 213 Pa. 81, 62 A. 253.

Adoptions are granted primarily for the best interests of the child adopted. Generally the change by adoption is one of gain. The new status is a better one than the former. To grant dual inheritance, the child adopted would be given the inheritance of a natural child and allowed an additional one. The law intended to give the child adopted the same rights and advantages of a natural child as far as possible. It was never intended to give the child of adoption more.

After the relationship of parent of adoption and child is created, can there be anything of greater moment for a child's happiness and general welfare than the love and respect of brothers and sisters of adoption and the love and respect of the boys and girls born of his own natural parents? If we are concerned primarily with the welfare of the child we must be concerned with the preservation of these relationships. They cannot exist when the adopted child gives evidence of such a covetous nature that he would take a dual inheritance at the expense of these.

To approve the inheritance from the parent of adoption to the adopted child by succession through the child's deceased mother is inconsistent with the paramount relationship of adoption. We can rejoice that cases identical with this are rare, not because grandchildren are seldom adopted by the grandparent, but that the child of adoption seldom

seeks a greater inheritance than that of natural children. The desire for more is evidence of greed. Greed is a vicious disease. At first it develops slowly and is often unobserved. When in its obvious stage it becomes as malignant as internal cancer. Its germs may spread like a plague. Blight of the malady is all about us. Surely greed deserves no sustenance from a court of justice.