I dissent. The prevailing opinion approves of dual inheritance from a common ancestor. Specifically the decision says that a grandchild, adopted by the grandparent, is entitled to inherit as a son and by succession is entitled *Page 177 
to a part of the estate that would come to the mother from her father.
This questions comes before this court for the first time. In fact, the problem as here presented has been before only five or six of the appellate courts in this country. I believe I can say without doubt or hesitancey on this question there is no weight of authority.
I shall call attention to these matters which apparently have persuaded some jurists to support the rule of dual inheritance. By the great weight of authority it is held that a child who has been adopted is entitled to inherit from his natural parents. This rule with which I have no conflict appears to be a legal barrier in favor of dual inheritance, which some minds cannot overcome. Supporters of the rule contend that to place any limitation on inheritance either from or through the natural parent is inconsistent with legal logic.
Personally, I think this is not nearly as inconsistent or absurd as to contend that when by adoption a grandchild's relation is changed by law to that of child, you can still logically contend that this one is both child and grandchild in relationship and is entitled to inherit as both. Thus the adopted child is given a greater inheritance than a natural child can ever have from a parent dying intestate. Such a relationship makes the adopted child an uncle of his brothers and sisters for inheritance purposes and also a brother. The injustice of such is apparent in the case at bar and also in Delano v. Bruerton etal., 1889, 148 Mass. 619, 20 N.E. 308, 2 L.R.A. 698.
Martha Ann Benner died intestate. She left the adopted child and two grandchildren. Following the rule of dual inheritance, the adopted child as such is entitled to receive one-half of Mrs. Benner's estate, and by succession through the mother is also entitled to the same proportion of the mother's inheritance as his natural brother and sister. Thus he would receive two-thirds of Mrs. Benner's estate while his natural brother would inherit one-sixth and his sister one-sixth. Such an inheritance is inequitable and cannot *Page 178 
produce good feeling, but is bound to result in ill will and animosity.
In Delano v. Bruerton et al., supra, the adopted child would receive twice as great an inheritance as any natural child. This situation naturally will tend to destroy the proper relationship which should exist between one adopted and children of the parent's blood.
It is also argued in support of the rule that a person's property is subject to one's control during lifetime and heirs cannot complain of steps taken by a parent to increase the inheritance of a minor heir by adoption. I agree with this statement but to argue that this supports dual inheritance through intestacy is to argue that the parent knowingly adopted a child and died intestate with the intent of giving the adopted child such an inheritance. The fallacy of this argument is based upon the assumption that the parent knew the law of inheritance for a child of adoption who was a natural grandchild. The parent could not have known the law, for it is so uncertain that the text writers cannot state it with certainty or as to where the weight of authority is to be found.
In support of this proposition I quote from Vol. 2, C.J.S., Adoption of Children, § 63, subsec. c, p. 454, which I think states the law as clearly and with as much certainty as is to be found in any creditable text:
"The adopted child continues to inherit from all blood relatives in the absence of a statute to the contrary, although he may be denied the right to inherit in a dual capacity where the adoptive parent is a blood relative."
I have examined all the cases cited by counsel and all to which our attention is called in the prevailing opinion. I believe the opinions against dual inheritance give better reasoning than those supporting it. See Delano v. Bruerton etal., supra. From page 309 of 20 N.E., I quote:
"The same person cannot as to the legal descendants of his adopted parent stand in the same position as his son, and at the same time claim to inherit a portion of his property as his grandson. It is to be *Page 179 
continually borne in mind that we are not dealing with the question whether Henry Curtis can inherit as a son from his adopting parent, and at the same time inherit directly from his father."
In Billings v. Head, 1916, 184 Ind. 361, 111 N.E. 177, the following is found:
"* * * There is no express language in the statutes applicable to the facts here, but we are constrained to hold that it was not the legislative purpose that an adopted grandchild should ever inherit more of its adopting parent's estate than would one of his natural children, and where, as here, the heir occupies a dual capacity, it cannot inherit both as grandchild and adopted child." Citing Delano v. Bruerton, supra, and Morgan v.Reel, 213 Pa. 81, 62 A. 253.
Adoptions are granted primarily for the best interests of the child adopted. Generally the change by adoption is one of gain. The new status is a better one than the former. To grant dual inheritance, the child adopted would be given the inheritance of a natural child and allowed an additional one. The law intended to give the child adopted the same rights and advantages of a natural child as far as possible. It was never intended to give the child of adoption more.
After the relationship of parent of adoption and child is created, can there be anything of greater moment for a child's happiness and general welfare than the love and respect of brothers and sisters of adoption and the love and respect of the boys and girls born of his own natural parents? If we are concerned primarily with the welfare of the child we must be concerned with the preservation of these relationships. They cannot exist when the adopted child gives evidence of such a covetous nature that he would take a dual inheritance at the expense of these.
To approve the inheritance from the parent of adoption to the adopted child by succession through the child's deceased mother is inconsistent with the paramount relationship of adoption. We can rejoice that cases identical with this are rare, not because grandchildren are seldom adopted by the grandparent, but that the child of adoption seldom *Page 180 
seeks a greater inheritance than that of natural children.
The desire for more is evidence of greed. Greed is a vicious disease. At first it develops slowly and is often unobserved. When in its obvious stage it becomes as malignant as internal cancer. Its germs may spread like a plague. Blight of the malady is all about us. Surely greed deserves no sustenance from a court of justice.