### In re PENFIELD'S ESTATE.

Administration No. 69236.

United States District Court
District of Columbia.

Jan. 14, 1949.

Frederick M. Bradley and Roger M. Stuart, Jr., both of Washington, D. C., for the Administrator and for petitioner Virginia Penfield Scarlett.

Henry E. Price and Camden R. McAtee, both of Washington, D. C., for petitioners Cardell, Hall and Williams.

MORRIS, District Judge.

In these proceedings the question is raised for determination as to the person, or persons, constituting the next of kin to whom distribution of the personal property in this estate should be made. The petition of Virginia Penfield Scarlett shows that she is the daughter of a deceased brother of the decedent and, as such, the next of kin to whom distribution should be made. The petition of Florence Penfield Cardell, Annette Stayt Hall and Edna P. Williams show that they are cousins in the first degree of the decedent, and that the petitioner Virginia Penfield Scarlett, originally known as Virginia Bacon Penfield, is the adopted daughter of Alice M. Bacon, her maternal grandmother, by virtue of a decree of adoption entered in the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, on March 29, 1922, under the terms of which said petitioner became known as

Virginia Bacon. The cousin petitioners and claimants further assert that, by virtue of Section 16—205, Title 16, of the District of Columbia Code (1940), which became effective August 25, 1937, and which was in force at the time of the death of the decedent, on May 2, 1947, and which section reads in part as follows: "All rights and duties including those of inheritance and succession between adoptee, his or her natural parents, their issue, collateral relatives, and so forth, shall be cut off" petitioner Virginia Penfield Scarlett is precluded from any rights of distribution, and that, therefore, said cousin petitioners and claimants are the next of kin of decedent, and distribution should be made to them. The petitioner Virginia Penfield Scarlett, on the other hand, insists that the provision of the statute cutting off the rights of an adoptee to a distribution of the estate of a collateral relative of her natural parent has no application to her because of the provision of Section 16—207 of said Title of the Code, as follows:

"The provisions of sections 16—201 to 16—207 shall have no retroactive effect and shall not be construed as affecting in any way the rights and relations obtained by any decree of adoption entered prior to August 25, 1937, and all proceedings instituted and pending on August 25, 1937, shall be carried to their final determination in accordance with the provisions of section 395 of the Act of March 3, 1901, 31 Stat. 1252, ch. 854, as if sections 16—201 to 16—207 had not been enacted, and all orders and decrees entered therein shall remain valid and binding on all parties thereby affected. (Aug. 25, 1937, 50 Stat. 808, ch. 774, § 7.)

The parties agree that no issue exists as to any material fact, and they have, therefore, all filed motions for summary judgment. A hearing was had, and memoranda of authorities and arguments have been submitted. I feel that it is only proper to say that the contentions of the respective parties, both in argument and written memoranda, have been presented with such excellent ability and clarity that counsel deserve an expression of appreciation and commendation from the court.

The cousin petitioners and claimants insist that the statutory provisions cutting off adoptees from inheritance and distribution from their natural parents and relatives should apply to any adoptee having that status at the time of the death of the decedent whose adoption was by a decree in another jurisdiction regardless of the date of said decree; that the foreign adoption proceedings must be recognized as establishing the status at such time, but that the non-retroactive provisions of Section 16—207 clearly have application only to proceedings in the District of Columbia under the provisions of the 1901 Act, completed before or pending at the time of the effective date of the Act of August 25, 1937. It is not questioned that, in the absence of statutory provision, the right of a child to inherit from a parent, or such parent's collateral relatives, remains intact, even though such child be adopted by another. Obviously, the present law in the District of Columbia cuts off that right, but it seems evident that it was the intention of the Congress to make that provision applicable only to those who were adopted subsequent to the enactment of that legislation. While the non-retroactive provisions in Section 16—207 deal explicitly with adoption proceedings in the District of Columbia, they so clearly evidence the policy that other provisions of the Act, including those cutting off the rights of adoptee to inherit from natural parents and their collateral relatives, should not be construed as having application contrary to such policy. Unquestionably the law-making authority could have made a distinction, in so far as inheritance and distribution is concerned, between persons adopted pursuant to the Act of 1901 in the District of Columbia and those adopted pursuant to law in other jurisdictions, but I can find no basis in the legislation for assuming that such was the intention.

In this view, I must conclude that, although the petitioner Virginia Penfield Scarlett is an adopted child of her maternal grandmother, and such was her status at the time of the death of the decedent, the decree of her adoption being prior to August 25, 1937, the provisions of Section

16—205 do not operate to cut off her right of distribution from the estate of the decedent, and, therefore, she is the person entitled to the sole distribution of the personal property in said estate.

Summary judgment in favor of the cousin petitioners and claimants will be denied. Summary judgment in favor of the petitioner Virginia Penfield Scarlett will be granted.