BONNAVILLE *v.* SHUPP ET AL., ADMINISTRATORS

[No. 249, September Term, 1961.]

*Decided April 18, 1962.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*W. Carroll Parks,* for appellant.

*Edwin H. Miller,* with whom were *Miller & Miller* and *Leo H. Miller* on the brief, for appellees.

HORNEY, J., delivered the opinion of the Court.

The Orphans' Court of Washington County, in overruling the exceptions to the first and final administration account and distribution of the personal estate of Jeannette E. Duc, deceased, thereby allowed Nancy Pittman, an adopted person,[1] to take in intestacy from a natural sister. From this action, the exceptant (Virginia Mae Bonnaville) appealed.

The only question presented is whether an adopted person can participate in the distribution of the estate of a natural relative who died intestate. We think it is quite clear that she can.

Code (1957), Art. 16, § 78 (b),[2] provides that:

"The natural parents of the person adopted, if living, shall after the interlocutory decree be relieved of all legal duties and obligations due from them to the person adopted, and shall be divested of all rights with respect to such person; provided, that *nothing in this subtitle shall be construed to prevent the person adopted from inheriting from his natural parents and relatives under the laws of this or any other state.*"[3] [Italics supplied.]

The appellant contends that a construction allowing an adopted child to take from a natural relative is inconsistent

---

1. Nancy (or Nanie) Pittman was adopted by Charles A. Pittman and Clara A. Pittman, his wife, under a decree of the Court of Common Pleas of Franklin County in Pennsylvania, dated May 25, 1909, and her name was changed from Nanie Deatrich to Nanie Pittman.

2. Section 78 of Art. 16 was amended by Ch. 287 of the Acts of 1961, but the amendment has no bearing on the instant problem. Further references herein to code sections are to the Code of 1957 unless otherwise specified.

3. Since it is not disputed that the adopted person lawfully acquired that status in Pennsylvania, her status as such may be recognized in this State and can have the effect of allowing her a right to inherit from a natural relative. See *In re Gray's Estate,* 168 F. Supp. 124 (D. C.) and the cases cited in 154 A.L.R. 1129, 1187. And see Restatement, *Conflict of Laws,* § 143, and Schouler, *Marriage, Divorce, Separation and Domestic Relations* (6th ed.), § 735.

with the provisions of §§ 143, 144 and 147 of Art. 93,[4] which when read together, allow an adopted child to take from, through and as a representative of its adopting parents. But, as we read these sections, there is nothing therein that is inconsistent with the theory, declared by the Legislature in § 78 (b)· of Art. 16, that an adopted child can take from natural relatives as well as adoptive relatives. Obviously, the only purpose of § 147 was to make it clear that there should be no distinction between a child by adoption and a child by birth, and, there is not even a suggestion in any of these sections that—because an adopted child is allowed to take from or through the adopting parents in the same manner as a natural child—he or she is thereby precluded from also taking from his or her natural relatives.

Prior to the enactment of § 78 (b) of Art. 16 and § 147 of Art. 93, the law was generally to the effect that the right of an adopted child to inherit from its natural parents and other relatives in the event of their death intestate was not affected or changed by the adoption. *Hawkins v. Hawkins,* 236 S. W. 2d 733 (Ark. 1951) ; *In re Tilliski's Estate,* 61 N. E. 2d 24 (Ill. 1945) ; *In re Klapp's Estate,* 164 N. W. 381 (Mich. 1917) ; *Head v. Leak,* 111 N. E. 952 (Ind. App. 1916) ; Strahorn, *Adoption in Maryland,* 7 Md. L. Rev. 275, 316; Madden, *Persons and Domestic Relations,* p. 363, n. 41; 1 Am. Jur., *Adoption of Children,* § 57. Cf. *In re Penfield's Estate,* 81 F. Supp. 622 (D. C. 1949). And for a more comprehensive review of the cases on the subject see the Annotation, *Adoption-Inheritance From Natural Kin,* 37 A.L.R. 2d 333. See also the annotations in 80 A.L.R. 1403 and 123 A.L.R. 1038, 1042. Thus, it is apparent that the argument by the appellant that it is "contrary to the laws of nature as well as .man" to permit an adopted child to inherit from its natural

---

4. Section 143 stipulates the order of distribution when there is a brother or sister or child or descendant of such, but no child, descendant, father or mother of an intestate. Section 144 provides that brothers and sisters are entitled to equal shares and that the descendants of a deceased brother or sister shall take per stirpes. And section 147 states that there shall be no distinction between a legally adopted child and a child by birth.

as well as its adoptive relatives because it has never been possible for any child to have "two mothers and two fathers and two families" is not valid. See Strahorn, *Changes Made By The New Adoption Law,* 10 Md. L. Rev. 20, 52, where it is pointed out that a result of the enactment of § 78 (b) of Art. 16 and § 147 of Art. 93 is that the adopted child now "inherits from both families."

That it was the intent of the Legislature that an adopted child could inherit from its natural family as well as its adoptive family is clear to us. What is now § 78 (b) of Art. 16 and § 147 of Art. 93 were enacted at the same session of the Legislature and in the same chapter—Ch. 599 of the Acts of 1947.[5] As herein previously noted, one of the purposes of § 147 of Art. 93 was to allow an adopted child to take from and through its adopting parents in the same manner as a child by birth, but the Legislature, in enacting § 78 of Art. 16—which states the legal effect of an interlocutory decree of adoption (or of a final decree when no interlocutory decree is entered)—cautiously included in subsection (b) of § 78 a proviso to the effect that nothing in the "new adoption law" should prevent an adopted child from continuing to inherit from its natural kinsfolk. Professor Strahorn says (in 10 Md. L. Rev. at p. 52) that this clause "must have been added out of a super-abundance of caution, lest there be some doubt as to the constitutionality of depriving the adopted child of his expectancy from its natural family," but regardless of the reason for adding the clause, it is apparent that it was the intent of the Legislature that an adopted child should not be deprived from continuing to inherit from its natural relatives.

We hold that an adopted child can inherit from its natural relatives as well as from and through its adopting parents. And the order appealed from will therefore be affirmed.

> *Order affirmed; the appellant to pay the costs.*

---

**5.** Section 78 (b) was designated in Ch. 599 as § 85K (b) of Art. 16 and § 147 was designated as § 139A of Art. 93.